UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ARWA TAMIMI, </br>**Plaintiff,** </br>vs. </br></br>SALEM'S MANAGEMENT COMPANY, LLC., </br>**Defendant.** </br>_____ | ) </br>) </br>) </br>) </br>) </br>) Case No.: </br>) </br>) </br>) </br>) |

## COMPLAINT

**COMES NOW,** the Plaintiff, ARWA TAMIMI (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues the Defendant, SALEM'S MANAGEMENT COMPANY, LLC., (hereinafter "Defendant"), and alleges:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages that exceeds ONE HUNDRED AND THIRTY THOUSAND SEVEN HUNDRED TWENTY-THREE DOLLARS AND 31/100 ($130,723.31), exclusive of interest, costs, and attorneys' fees.

2. At all times material to this action, Defendant was an incorporated business entity licensed to do business in Hillsborough County, Florida.

3. At all times material to this action, Defendant was a business entity

licensed and conducting business within Hillsborough County, Florida.

4. At all times material to this action, Defendant employed Plaintiff through its Hillsborough County, Florida headquarters and Plaintiff performed related services for Defendant in Hillsborough County, Florida.

5. Venue and jurisdiction in Hillsborough County, Florida are appropriate because Defendant is headquartered in Hillsborough County, Florida and availed itself of the benefits and privileges of Hillsborough County, Florida.

6. Plaintiff has retained Lee Law, PLLC to represent her interests in this action.

7. Plaintiff has completed all required prerequisites before the filing of this action.

## **GENERAL ALLEGATIONS**

8. On or about May 2nd, 2019, Defendant hired Plaintiff as an employee in Defendant's company.

9. Defendant is a Fast-Food Restaurant located at Tampa, Florida.

10. Defendant owns and operates restaurants in other locations, including Hillsborough County, Polk County and Manatee County.

11.

12. Defendant hired Plaintiff as a Human Resources and Payroll Manager.

13.

14. Plaintiff's duties included but were not limited to processing payroll, handling all employees' inquiries, answering to employees' questions and requests, conducting the onboarding, terminating employees, and other duties as requested by Defendant.

15. As an employer, Defendant must comply with the Fair Labor Standard Act, which governs the payment of minimum wages and overtime wages.

16. On or about August 2024, Defendant assigned Plaintiff to train a new employee in Defendant's Payroll Department.

17. Plaintiff was responsible for teaching the new employee how to process payroll using Defendant's systems.

18. During the training, Plaintiff explained to the new employee that Defendant pays certain employees "under the table" and does not properly record the hours worked by each employee or maintain an accurate record of the amounts paid to those employees.

19. Plaintiff specifically expressed that Defendant pays certain employees "under the table" to avoid certain work restrictions for employees who are receiving disability payments from the federal government.

20. Specifically, the Social Security Administration ("SSA") has implemented rules and limitations regarding how much money an employee receiving disability benefits may earn per month. If an employee earns more than the amount determined by the SSA, the employee may be deemed ineligible to receive disability benefits.

21. Plaintiff uncovered Defendant's scheme of intentionally under recording the number of hours worked, and amounts paid, to certain employees who were receiving disability benefits.

22. Plaintiff explained to Trainee that Defendant was not paying Taxes for people paid "under the table".

23. Defendant deliberately engaged in this illegal and fraudulent behavior to defraud the federal government by allowing the employee(s) to continue to receive disability benefits even though the employee earned more than the SSA monthly earnings threshold for persons receiving disability benefits.

24. Defendant engaged in a nefarious scheme to defraud the federal government and, by doing so, may have resulted in a misappropriation of federal funds.

25. On or about August 2024, Plaintiff directly complained to

Defendant's owner, Salem Gharsalli, about Defendant intentionally misrecording hours worked by certain employees and paying the employees "under the table" and "off the books".

26. Plaintiff also complained to Mr. Gharsalli that Defendant was not paying overtime wages to some employees who worked more than 40 hours in a single workweek.

27. In direct response to Plaintiff's complaints, Mr. Gharsalli became uncontrollably upset and yelled at Plaintiff while physically intimidating her.

28. Mr. Gharsalli's behavior was so threatening and violent that another employee almost called the police for protection.

29. About ten days later, Defendant terminated Plaintiff's employment with extreme prejudice and without just cause.

30. Defendant terminated Plaintiff's employment because Plaintiff complained to Defendant's illegal activity as described above.

31. At all material times relevant to this action, Plaintiff in her capacity as Human Resources and Payroll Manager, was individually covered by the FLSA. The very essence of Plaintiffs' employment, processing payroll to banks located outside of Florida, receiving mail from out of state and sending mail out of state, is so closely related to interstate commerce that Plaintiffs' relationship

to interstate commerce cannot be separated. Additionally, the company receives food, goods, and materials that originate out of state and are sold to customers in Florida.

## COUNT I
## RETALIATION IN VIOLATION OF FLORIDA STATUTE § 448.102

32. The allegations of paragraphs 1 through 29 as set forth above are re-alleged in full and incorporated herein by reference.

33. Plaintiff was employed by Defendant as a Human Resources and Payroll Manager.

34. Defendant, ordered Plaintiff to pay employees' payrolls "under the table" and not paying overtime.

35. On or about August 2024, Plaintiff complained to the Manager about Defendant's illegal activity of paying employees under the table and off the books and not paying employees overtime wages. Plaintiff complained that Defendant failed to maintain accurate payroll records.

36. Defendant's actions violated 29 U.S.C. § 206, 29 U.S.C. § 207, and 29 C.F.R. § 516, as well as other statutes and rules.

37. Plaintiff's complaints were made in good faith and were protected activities.

38. Defendant was enraged that Plaintiff complained about paying the employees under the table and not allowing them to claim overtime.

39. Defendant, about ten days later, terminated Plaintiff's employment because she complained about this behavior.

40. Plaintiff was financially and emotionally damaged as a result of Defendant's decision to terminate her employment because she complained about this behavior.

## COUNT II

## RETALIATION IN VIOLATION OF FLSA

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-38, above.

42. Plaintiff was employed by Defendant as a Human Resources and Payroll Manager.

43. Defendant, ordered Plaintiff to pay employees' payrolls "under the table" and not paying overtime.

44. On or about August 2024, Plaintiff complained to Defendant about Defendant's illegal activity of paying employees under the table and off the books and not paying employees overtime wages. Plaintiff complained that Defendant failed to maintain accurate payroll records.

45. Defendant's actions violated 29 U.S.C. § 206, 29 U.S.C. § 207, and 29 C.F.R. § 516, as well as other statutes and rules.

46. Plaintiff's complaints were made in good faith and were protected

activities.

47. Defendant was enraged that Plaintiff complained about paying the employees under the table and not allowing them to claim overtime.

48. Defendant, about ten days later, terminated Plaintiff's employment because she complained about this behavior.

49. Plaintiff was financially and emotionally damaged as a result of Defendant's decision to terminate her employment because she complained about this behavior.

## COUNT III

## RETALIATION UNDER FALSE CLAIMS ACT (FCA)

50. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-47, above.

51. Plaintiff was employed by Defendant as a Human Resources and Payroll Manager.

52. Defendant, ordered Plaintiff to pay employees' payrolls "under the table" and not paying overtime.

53. On or about August 2024, Plaintiff complained to the Manager about this procedure.

54. Defendant was enraged that Plaintiff complained about paying the employees under the table and not allowing them to claim overtime.

55. In response to Plaintiff's complaints, Defendant retaliated against Plaintiff by terminating her employment.

56. Defendant terminated Plaintiff because Plaintiff complained about paying employees' payroll "under the table" and not paying overtime.

57. Plaintiff incurred in a protected conduct in order to trying stopping this illegal activity. Specifically, Defendant intentionally under-reported the hours worked, and amounts paid, to certain employees receiving SSD benefits in order to defraud the government.

58. Defendant committed intentional fraud by lying on timesheets and omitting payments from payroll in order to defraud the government by making it appear that some employees receiving SSD benefits earned less than they actually did. This was done to coax and coerce the government into paying financial benefits to those employees and tricking the government into believing that those employees earned less than the SSD income threshold.

59. Defendant's retaliatory actions were taken in violation of the False Claims Act (FCA.

60. Plaintiff's complaints were made in good faith and were protected activities.

61. Defendant was enraged that Plaintiff complained about paying the employees under the table and not allowing them to claim overtime.

62. Defendant, about ten days later, terminated Plaintiff's employment because she complained about this behavior.

63. Plaintiff was financially and emotionally damaged as a result of Defendant's decision to terminate her employment because she complained about this behavior.

## DEMAND FOR JURY TRIAL

**WHEREFORE,** the Plaintiff, **ARWA TAMIMI**, requests an award of damages against the Defendant, **SALEM'S MANAGEMENT COMPANY, LLC**, including back pay, front pay, compensatory damages, punitive damages, attorney's fees, court costs, and interest, as provided for in Fla. Stat. § **448.102**, as well as other such relief this Court deems proper.

RESPECTFULLY submitted this December 27, 2024.

*/S/ Kyle J. Lee*
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road,
Suite 303,
Brandon, Florida 33511
Telephone: (813) 343-2813
Facsimile: (813) 343-2813
Kyle@KyleLeeLaw.com